Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-509-ELG |
| | ) | (Chapter 7) |
| SHANE CROWLEY | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SHANE CROWLEY, | ) | |
| | ) | Adv. Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREA CAMPBELL DAVISON, | ) | |
| In Her Official Capacity as Chapter 7 | ) | |
| Trustee of the Estate of Shane Crowley, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Comes now Shane Crowley ("Mr. Crowley," the "Debtor," or the "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for his complaint against Andrea Campbell Davison in her official capacity as chapter 7 trustee of the estate of Shane Crowley ("Ms. Davison," the "Trustee," or the "Defendant") states as follows:

## Introduction

1. This lawsuit is brought to stop the Trustee from unlawfully attempting to commandeer—and, seemingly, administer—an asset fully exempted by Mr. Crowley.

2. Specifically, Mr. Crowley has properly scheduled his 100% ownership interest in Eton Ct Dev, LLC ("ECDL"), a real estate holding company. *See* Schedule A/B, ECF No. 1, at p. 13, § 19.

3. Mr. Crowley has also properly exempted his 100% interest in that entity. *See* Schedule C, ECF No. 1, at p. 18, § 2.

4. Yet the Trustee, in manifest disregard for this exemption, has (i) attempted to take charge of ECDL, (ii) contacted the property manager engaged by ECDL, (iii) directed that property manager to withhold—from Mr. Crowley—a post-petition distribution of monies, and (iv) further directed that property manager to instead turn such monies over to the Trustee.

5. Mr. Crowley accordingly now brings suit for declaratory relief and, to the extent a turnover of monies to the Trustee occurs, to recover the economic damages occasioned thereby.

## Parties

6. Mr. Crowley is a natural person who is a *bona fide* domiciliary of the District of Columbia and accordingly a citizen thereof.

7. Ms. Davison is the lawfully-appointed chapter 7 trustee of Mr. Crowley's bankruptcy estate and, upon information and belief, an individual who carries on a regular business situated within the Commonwealth of Virginia. For want of doubt of ambiguity, Ms. Davison is sued solely in her official capacity as chapter 7 trustee and is not made a party hereto in her personal capacity.

**Jurisdiction and Venue**

8. This Honorable Court enjoys jurisdiction over this suit, pursuant to the allowances of section 1334 of title 28 of the United States Code, since at least one cause of action set forth herein relates to a case pending under Title 11 of the United States Code.

9. Venue is properly laid in this Honorable Court, pursuant to section 1409 of title 28 of the United States Code, since this action is related to a case under title 11 of the United States Code, with the correlative case pending in this Honorable Court.

**General Allegations**

10. Mr. Crowley is the sole member of ECDL, an entity that acquired various parcels of real estate, situated within the District of Columbia, on or about November 28, 2023, through an arm's length deed subsequently recorded on or about November 29, 2023.

11. The property owned by ECDL (the "Real Estate") is burdened by a deed of trust in favor of a third party lender, securing various loans with an outstanding balance in excess of $7.7 million.

12. The Real Estate, meanwhile, is worth scantly—if at all—more than $6 million (as determined through exposure of the assets to the market and receipt of arm's length offers for the purchase thereof), leaving ECDL with negative equity of somewhere between $1 million and $1.7 million.

13. Recognizing the enormous negative equity in ECDL, Mr. Crowley valued his ownership interest therein at $1.00 when seeking chapter 7 relief and exempted the whole of that interest.

14. As an exempt asset, Mr. Crowley's interest in ECDL is "generally . . . not liable for any expenses associated with administering the estate." *Law v. Siegel*, 571 U.S. 415, 417 (2014).

*See also* 11 U.S.C. § 522(c). Moreover, while a non-exempt asset is "transferred to a bankruptcy estate," *Harris v. Viegelahn*, 575 U.S. 510, 513 (2015) (citing 11 U.S.C. § 541(a)(1)), an exempt asset is fundamentally different in nature, *id.*

15. While the Trustee, no doubt, has every right to object to Mr. Crowley's exemptions (provided there be a good faith basis to do so), *see* Fed. R. Bankr. P. 4003(b), the Trustee has not—as of the filing of this complaint—done so, *see* Docket, *passim*.

16. Nonetheless, upon learning that ECDL produces monthly rental revenues, the Trustee attempted to intercept and commandeer those monies, writing to ECDL's property manager:

> . . . Upon the filing of the petition, an estate was created consisting of all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). The Debtor's membership interests in the Company became property of the estate, subject to the Trustee's management authority. As a result, the Trustee is exercising her rights as the sole member of the entities. This includes exercising her management authority over the Eton Properties by providing direction to the management company to protect the assets of these entities, including, but not limited to, the safeguarding of all rental proceeds generated by the Eton Properties.
>
> The estate also includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." 11 U.S.C. § 541(a)(6). Accordingly, all rents, security deposits, and other funds collected or held on account of the Eton Properties are property of the estate subject to the Trustee's exclusive control. Section 542(a) of the Bankruptcy Code requires any entity in possession, custody, or control of property that the Trustee may use, sell, or lease to deliver that property, or its value, to the Trustee and to account for it. . .

Letter of November 10, 2026, attached hereto as Exhibit A.

17. It is unclear whether or not the property manager will heed this lawless demand of the Trustee, which includes instructions to "[d]eliver to the Trustee all rents, security deposits, other deposits, fees, and other funds collected or held on account of the Eton Properties. . ." *Id.*

18. To the extent the property manager does make such delivery, however, such would be in direct derogation of Mr. Crowley's rights in fully exempted property, and would thusly

constitute an act of, *inter alia*, (i) conversion; (ii) tortious interference with contractual relations; and (iii) deprivation of Mr. Crowley's property rights, under color of law, in contravention of the rigors of section 1983 of title 42 of the United States Code.

**Count I – Declaratory Relief (28 U.S.C. § 2201)**

19. Mr. Crowley incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

20. There exists a definite dispute between the parties hereinto, insofar as Mr. Crowley believes the Trustee is not entitled to administer his properly-exempted assets and the Trustee, by contrast, appears to believe she has the right to commandeer Mr. Crowley's exempted assets, take the proceeds thereof, wrest control over security deposits Mr. Crowley is lawfully required to hold, and retain all of the monetary proceeds of such for the benefit of Mr. Crowley's creditors.

21. This dispute is definite and concrete in nature, with Mr. Crowley plainly believing he is entitled to maintain control over his exempt assets and the Trustee plainly believing section 522 of the Bankruptcy Code does not apply in this case.

22. Mr. Crowley will suffer particularized and concrete damage if declaratory (and, indeed, injunctive) relief is not entered, insofar as the Trustee has elected to seize control of a business that furnishes the predominate revenue source of Mr. Crowley—someone who is, as titularly indicated herein, a literal debtor in bankruptcy.

WHEREFORE, Mr. Crowley respectfully prays this Honorable Court (i) declare the Trustee have no right to interfere with Mr. Crowley's operation of ECDL; (ii) declare the Trustee have no right to seize the monies or assets of ECDL; (iii) declare the Trustee have no right to direct the storage of security deposits held by ECDL; (iv) declare the Trustee's efforts to the contrary to be unlawful; (v) declare the Trustee to be required, pursuant to section 2202 of title 28 of the

United States Code, to immediately remit to Mr. Crowley any monies or property seized in connection with the Trustee's efforts to commandeer ECFL; (vi) permanently enjoin the Trustee from interfering with the operation of ECDL, holding monies belonging to ECDL, or otherwise interfering with Mr. Crowley's use and management of exempt assets; and (vii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 10, 2026

By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Mr. Crowley*