Bradley D. Jones, No. VA68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for*
*Andrea Campbell Davison, Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>SHANE CROWLEY,<br><br>Debtor. | Case No. 26-00509-ELG<br>(Chapter 7) |

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS**

COMES NOW Andrea Campbell Davison, the duly appointed and qualified trustee ("Trustee") of the Chapter 7 bankruptcy estate of Shane Crowley (the "Debtor"), by and through her proposed undersigned attorneys, Stinson LLP, and states as her Objection to Debtor's Claimed Exemptions ("Objection") as follows:

**PRELIMINARY STATEMENT**

The Trustee does not take issue with the allowance of the Debtor's use of the wildcard exemption generally, but this exemption is expressly limited in its dollar value. The Trustee, upon the filing of this bankruptcy case, inherited the membership interests of the Debtor in his various limited liability companies, and thus, can operate the same. The Debtor's attempt to remove his membership assets in twelve limited liability companies by valuing them at $1.00 does not permit the Debtor to exempt the full value of the same to the extent that value is over and above the exemption amount permitted in Section 522(d)(5).

## BACKGROUND

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 2, 2026. Andrea Campbell Davison was appointed as Trustee.

2. The initial Section 341 Meeting of Creditors was held on October 29, 2026; the 341 Meeting has been continued to December 3, 2026 and has not been concluded as of the date of this filing.

3. Pursuant to Fed. R. Bankr. P. 4003(b), the Trustee may file an objection to a claimed exemption within thirty (30) days after the latter of the conclusion of the Meeting of Creditors or the filing of an amendment to the Debtor's list of exemption or supplemental schedules.

4. The Debtor filed his Schedules on October 2, 2026 [Dkt. No. 1], including his Schedule C listing his claimed exemptions. Pursuant to Bankruptcy Code Section 522(b)(2), the Debtor has elected to take the federal exemptions detailed in 11 U.S.C. § 522(d).

5. Property claimed by the Debtor as exempt includes an interest in twelve LLCs (the "LLC Interests"). The Debtor elected the following exemptions under Section 522(d)(5) in his original Schedule C:

| **Description** | **Claimed Value** | **Claimed Exemption Amount** |
|---|---|---|
| Eton Ct Dev, LLC<br>Sched. A/B at 19.8 | $1.00 | $1.00 |
| Eton Ct T 6 LLC<br>Sched. A/B at 19.9 | $1.00 | $1.00 |
| Eton Court 5 Dev LLC<br>Sched. A/B at 19.10 | $1.00 | $1.00 |
| 4500 Walsh, LLC<br>Sched. A/B at 19.11 | $1.00 | $1.00 |
| BB 4702 Holding, LLC<br>Sched. A/B at 19.12 | $1.00 | $1.00 |

| **Description** | **Claimed Value** | **Claimed Exemption Amount** |
|---|---|---|
| SBS Development, LLC<br>Sched. A/B at 19.6 | $1.00 | $1.00 |
| 2027 Rhode Island<br>Sched. A/B at 19.7 | $1.00 | $1.00 |
| Broad Branch Group, LLC<br>Sched. A/B at 19.1 | $1.00 | $1.00 |
| Broad Branch Development, LLC<br>Sched. A/B at 19.2 | $1.00 | $1.00 |
| Broad Branch Partners, LLC<br>Sched. A/B at 19.3 | $1.00 | $1.00 |
| SBC Development, LLC<br>Sched. A/B at 19.4 | $1.00 | $1.00 |
| Community Development Partners, LLC<br>Sched. A/B at 19.5 | $1.00 | $1.00 |

6. On November 16, 2026, the Debtor filed an Amended Schedule C. *See* Dkt. No. 17. By this amendment, the Debtor claimed "100% of fair market value, up to any applicable statutory limit" for all the LLC Interests, but the claimed value of each LLC Interest remains asserted at $1.00. *See* Dkt. No. 17 at pp. 4-5.

7. On November 10, 2026, the Trustee, through counsel, sent a demand letter for turnover of rents and accounting to Sojourn, LLC ("Sojourn"), the management company that oversees several properties held by Eton Ct Dev, LLC, an LLC in which the Debtor is the sole owner and member. The demand letter was made pursuant to the Trustee's right to exercise management over the property of the estate, including the management of these LLCs.

8. On November 10, 2026, the Debtor filed a Complaint in the Bankruptcy Court seeking declaratory relief to prevent the Trustee from exercising her management authority over the estate, and the property of the estate. *See* Dkt. No. 16; Adv. Pro. No. 26-10027, Dkt. No. 1. In connection with the Complaint, the Debtor has requested that the Court enter a temporary

restraining order against the Trustee, and as grounds cites the Trustee's failure to object to his claimed exemptions in the LLC Interests.

9. In light of this argument, the Trustee now objects to the exemptions claimed by the Debtor in his Schedule C in the LLC Interests. Specifically, the Trustee objects to various exemptions improperly claimed under the federal "wildcard" exemption found in 11 U.S.C. § 522(d)(5) in the LLC Interests, and that the values claimed are not correct and accurate valuations of those interests in Schedule C.

10. The Trustee further contends that the true values to be claimed under that section are in excess of the statutory limit of the wildcard exemption.

**ARGUMENT**

11. Section 522(d)(5) of the Bankruptcy Code allows a debtor to exempt his aggregate interest in any property, not to exceed in value $1,675 plus up to $15,800 of any unused amount of the exemption provided under Section 522(d)(1), for maximum exemption of $17,475. *See* 11 U.S.C. § 522(d)(5). The Debtor owns no real property and claims no exemption under Section 522(d)(1). The maximum wildcard exemption available to him is therefore $17,475.

12. Section 522(b)(1) of the Bankruptcy Code states that a debtor "may exempt from property of the estate the property listed" in Section 522(b)(2). However, Section 522(b)(2) in turn, allows only "property that is specified under subsection (d)" to be exempt. Section 522(d) and each of its provisions explicitly state that only a "debtor's *interest*" or "aggregate *interest*" in any property is what is exempt, not the property itself. *See* 11 U.S.C. § 522(d) (emphasis added). *See also Owen v. Owen,* 500 U.S. 305, 310 (1991) ("Most of the federally listed exemptions (set forth in § 522(d)) are explicitly restricted to the 'debtor's aggregate interest' or the 'debtor's

interest' ***up to a maximum amount***."). The wildcard exemption is a dollar-limited interest, and thus, it does not prevent the LLC Interests themselves from becoming part of the estate.

13. Specifically, Section 522(d)(5) permits a debtor to exempt his "aggregate *interest* in any property, not to exceed in value" the statutory cap. This exemption is a right to a dollar-limited interest in the property, but it does not constitute removal of the property from the bankruptcy estate. *See Schwab v. Reilly*, 560 U.S. 770, 781–82 (2010) (holding that a debtor's exemption only applies up to a certain dollar value, not as to control over the asset itself). *See also In re Cicala*, 142 B.R. 570, 571 (Bankr. D.D.C. 1992) ("Although the debtors argue that equitably they should be viewed as having an ownership interest worth nothing to the estate, such that equitably they ought to be allowed to exempt the entire property from the estate, ***that is not how the statute works***.") (emphasis added).

14. Schedule C reflects the understanding that the Trustee will still assume control over the assets of the estate. Schedule C notes that the exemption is limited *only* to the claimed dollar amount, and that if "the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount." *See* Schedule C. The exemption does not extend to further control rights of a business. Here, the Debtor has claimed only $1.00 as exempt, and thus any amount above that can be administered by the Trustee, including the Debtor's membership interests.

15. A membership interest in a limited liability company carries both economic rights and, for a sole member, the rights to manage and control the company. Upon the filing of the petition, all of those rights became property of the estate under 11 U.S.C. § 541(a)(1). *See In re Albright*, 291 B.R. 538, 541 (Bankr. D. Colo. 2003) ("[U]pon the Debtor's bankruptcy filing, the Trustee now controls, directly or indirectly, all governance of [the LLC], including decisions

regarding liquidation of the entity's assets.").

16. Debtor's own Schedules indicate that at least some of the LLC Interests are worth substantially more than $1.00. Schedule I provided a statement of gross receipts, detailing the monthly finances of several properties owned by the LLCs listed in Debtor's Schedule C. The Debtor is the sole member of Eton Ct Dev, LLC ("ECDL"), which owns the three properties at 1200, 1202, and 1204 Eton Court NW (the "Eton Properties"). The Eton Properties generate a gross rental income of around $34,000 each month, with a net operating income and net cash flow of $13,871 per month. The Debtor is also the sole member of Eton Court 5 Dev LLC, and Eton Ct T 6 LLC, which upon information and belief own the properties at 1200 Potomac and 1202 Potomac, respectively (the "Potomac Properties").

17. At the Section 341 Meeting, the Debtor testified that net rents are paid to ECDL through the property management company Sojourn. On an annualized basis, ECDL generates approximately $408,000 per year in gross income from the Eton Properties. The Potomac Properties do not generate any income according to Debtor's Schedules, but the expenses for the Potomac Properties are paid from the gross receipts from the Eton Properties. The remaining $13,871 per month ($166,452 annualized) is then distributed to the Debtor. The source of those funds is rent, yet the Debtor has assumed his monthly draws do not affect the value of the entity. Additionally, the Eton Properties and Potomac Properties are all leased and all listed for sale, with the Debtor acting as the broker. The Income Statement also reflects that no debt service is being paid on any of the properties.

18. Ownership and control of entities that produce roughly $166,000 per year in distributable cash flow to the Debtor, that hold rents, bank balances, and tenant deposits, and which control five newly built, leased properties now listed for sale cannot reasonably be valued

at $1.00 in light of the Debtor's own Schedules and testimony. Despite multiple requests, Debtor has produced no appraisal, broker opinion, loan payoff statement, balance sheet, or other evidence to support a $1.00 valuation of ECDL, let alone any of the other LLC Interests. The Trustee therefore objects on the basis that the valuation of Debtor's interest in the LLCs listed in Schedule C is not an accurate valuation, and the true valuation would not be properly exempted under the wildcard exemption. *Cf. Robinson v. Worley*, 849 F.3d 577 (4th Cir. 2017) (affirming denial of discharge due in part to debtor's unreliable valuation methods).

19. Even if one or more of the underlying properties is encumbered beyond its balance sheet value, the Debtor's 100% membership interests carry independent economic value: the right to receive distributions, the right to manage and control the entities and their assets, including any sale process and the use of rents, and the entities' cash, receivables, and claims. The Trustee cannot evaluate the accuracy of the Debtor's valuation or claim under the wildcard exemption without first understanding the information on which the Debtor bases that valuation. Currently, the information provided by the Debtor paints only a conflicting picture of the value of the LLC Interests.

20. In his Complaint, the Debtor asserts that the Eton Properties secure loans "with an outstanding balance in excess of $7.7 million" and are worth "scantly—if at all—more than $6 million," leaving negative equity of $1 million to $1.7 million. Compl. ¶¶ 11–12. The Debtor offers no loan statement, appraisal, or offer documentation for either figure, and his Schedules do not support them. The Anchor Loans, LP obligations for which Schedule H lists ECDL as codebtor total $6,197,500 (Schedule E/F lines 4.2, 4.3, 4.4, and 4.11; Schedule H lines 3.9–3.12). The Debtor also scheduled Pantheon Capital Funding, LLC as holding a secured claim of $0.00 against the ECDL interest, but clarified in his testimony at the 341 Meeting of Creditors that

Pantheon "[is] fully paid back." *See* 341 Tr. 16:15–17:5, attached hereto as Exhibit A.

21. In addition, none of the information requested by the Trustee has been provided by the Debtor, even though the Debtor has an obligation to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title" and to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate[.]" 11 U.S.C. § 521(a)(3)–(4). The Debtor cannot hide behind the claimed exemptions in the amount of $1.00 in order to shield the revenue generating LLC Interests from the view of the Trustee.

22. Measured against the Debtor's own proffered $6 million value in his Complaint, the scheduled lender obligations do not suggest that ECDL or the other LLC Interests are "underwater" insofar as the LLC Interests are only $1.00. In any event, the value of the membership interest is not limited to a snapshot of balance-sheet equity, but also includes the income being generated and transferred to the Debtor. *See, e.g., In re Holley*, 609 B.R. 269, 279 (Bankr. D.N.M. 2019) (finding that the value of the LLC interests was greater than zero because the debtor received an income of over $40,000 for the two years preceding the opinion).

23. Moreover, the Debtor now claims that ECDL has a $1 million to $1.7 million equity shortfall. Given the substantial value of the property and continuous use of ECDL's income stream, Debtor's valuation is untenable.

24. The Debtor's asserted $1.00 valuation also does not account for the other LLC Interests listed in Debtor's Schedule C. The understated value of the Eton Properties similarly calls into question the value of the Potomac Properties and other assets owned by Debtor's other listed LLCs. These assets provide a similar benefit to the Debtor's LLC Interests as the Eton Properties do. As with the Eton Properties, Sojourn pays the expenses incurred by these

properties and would manage the rents if those properties generated any income.

25. The Debtor's wildcard claims under Section 522(d)(5) currently total exactly $17,475. The Debtor's wildcard exemption is claimed through $11,239.54 in the Rolex GMT-Master II (line 12.2); an amount of $1,677.78, $3.44, and $42.24 in three deposit accounts (lines 17.1–17.3); $4,500.00 in the Security Deposit (line 22.1); and $12.00 in the twelve LLC Interests (lines 19.1–19.12). The combined value of these amounts listed in Schedule C is exactly $17,475. The wildcard exemption is therefore exhausted.

26. No exemption remains available for any value in the LLC Interests above the $1.00 scheduled for each. Debtor has claimed each LLC Interest at "100% of fair market value." *See* Am. Schedule C, Dkt. No. 17. Debtor has claimed that the true valuation of each of the LLC Interests is the nominal $1.00 listed in Schedule C, yet this determination is disputed by the Trustee.

27. A $1.00 wildcard exemption in the value of a membership interest does not carve the management and control rights out of the estate. Nor does it convert the real property, rents, bank accounts, and tenant deposits of the LLCs, which are assets of the entities and not of the Debtor, into exempt property of the Debtor. A $1.00 exemption in his membership interest is not a "fully exempted" interest in ECDL's operations and revenues. Accordingly, the LLC Interests, including all management and control rights and all value in excess of $1.00 per interest, remain property of the estate subject to administration by the Trustee.

28. The Trustee therefore objects to the Debtor's claimed exemptions in the LLC Interest, and submits that any value in them above the claimed $1.00 (and thus above the statutory maximum) is property of the estate available for administration once their true value is determined.

29. This objection is filed by the Trustee without concession to the Debtor's argument that she is required to object to Debtor's exemptions in the LLC Interests before taking steps to secure or administer such assets. The Trustee reserves all rights to raise additional objections to the Debtor's claimed exemptions in the LLC Interests or any other real or personal property.

## CONCLUSION

A debtor cannot claim an unsupported valuation in an asset and remove such an asset from the estate. After valuing the membership interests at $1.00, the Debtor proceeds to disclose approximately $34,000 in monthly gross income from the Eton Properties, and reports $13,871 in monthly distributions from those same membership interests. Regardless of the valuation of these LLC Interests, the Trustee succeeds to the membership interests held by the Debtor, and thus, the Trustee objects to the Debtor's claimed exemptions in the LLC Interests to the extent the Debtor seeks to remove the LLC Interests from the bankruptcy estate.

WHEREFORE the Trustee respectfully requests that this Court enter an order:

1. Sustaining this Objection;
2. Limiting the Debtor's exemption in each of the LLC Interests listed at Schedule A/B, lines 19.1 through 19.12, to $1.00, and determining that all value in the LLC Interests in excess of that amount is property of the estate not subject to exemption; or, in the alternative, disallowing the exemptions in the LLC Interests in their entirety;
3. Determining that Debtor's claimed exemption does not extend to the membership, management, and control rights in the LLC Interests or to the assets, rents, and deposits of the LLCs;
4. Directing the Debtor to cooperate with the Trustee and to surrender to the Trustee

all books, records, and information relating to the LLC Interests and the entities' assets, pursuant to 11 U.S.C. § 521(a)(3) and (4); and

5. Granting such other and further relief as is just and proper.

Dated: November 18, 2026

Respectfully submitted,

*/s/ Bradley D. Jones*

Bradley D. Jones, No. VA68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com

CORE/3538884.0002/254046228.3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby. A copy was also sent on November 18, 2026 by first class mail to:

Maurice B. VerStandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Debtor*

/s/ *Bradley D. Jones*
Bradley D. Jones