**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**SHANE CROWLEY,**<br><br>**Debtor.** | **Case No. 26-0509-ELG**<br><br>**Chapter 7** |

# TRUSTEE'S APPLICATION TO EMPLOY REALMARKETS LLC AS REAL ESTATE ADVISOR TO THE TRUSTEE

Andrea Campbell Davison, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Shane Crowley (the "Debtor") submits this application (the "Application") under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1, for entry of an order authorizing the Trustee to employ RealMarkets LLC ("RealMarkets") as her real estate advisor. This Application covers hourly real estate advisory services only. It does not seek authority to employ a real estate broker or to pay a commission at this time. The employment of a real estate broker shall be done by a separate application. In support of the Application, the Trustee states as follows:

## Jurisdiction and Venue

1. On October 2, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee is the duly appointed chapter 7 trustee of the Debtor's estate.

2. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

3. In his schedules, the Debtor listed a 100% membership interest in each of twelve limited liability companies (the "LLCs") and valued each interest at $1.00. See Dkt. No. 1. According to the schedules, public records, and the documents produced to the Trustee to date, several of the LLCs own, directly or through subsidiaries, residential real property in the District of Columbia and Maryland (collectively, the "Properties"), including:

(a) 1200 Eton Court NW, Unit T4, 1202 Eton Court NW, Unit T3, and 1204 Eton Court NW, Unit T2, Washington, DC 20007 (the "Eton Properties"), owned by Eton Ct Dev LLC;

(b) 1200 Potomac Street NW, Unit T5, Washington, DC 20007, owned by Eton Court 5 Dev LLC;

(c) 1202 Potomac Street NW, Unit T6, Washington, DC 20007, owned by Eton Ct T 6 LLC;

(d) 4500 Walsh Street, Chevy Chase, Maryland, owned by 4500 Walsh LLC; and

(e) 4702 West Virginia Avenue, Bethesda, Maryland, in which the Debtor appears to hold an indirect minority interest.

4. Several of the Properties are occupied by tenants. The Debtor has represented that the Eton Properties produce gross rent of approximately $34,000 per month. The Eton Properties are managed by Sojourn, LLC ("Sojourn") under a management agreement (the "Management Agreement"), and Sojourn collects the rents. According to loan statements produced to the Trustee, the Properties secure loans made by Anchor Loans, LP, and the Debtor scheduled guaranty obligations to Anchor Loans, LP.

5. The Trustee's position is that the Debtor's membership interests in the LLCs are property of the estate under section 541(a) of the Bankruptcy Code and that she may exercise the Debtor's rights as the sole member of the LLCs he wholly owns. On November 10, 2026, the Trustee, through counsel, made written demand on Sojourn for turnover of the rents and security

deposits it holds for the Eton Properties, an accounting, and copies of the Management Agreement, the leases, the rent roll, and related records. The Trustee has not assumed the Management Agreement and is evaluating whether it should be continued. Sojourn has since asked the Trustee and the Debtor for direction on re-leasing one of the Eton Properties.

6. The Debtor disputes the Trustee's authority. On November 10, 2026, the Debtor filed a complaint against the Trustee, Adversary Proceeding No. 26-10027-ELG (the "Adversary Proceeding"), seeking declaratory and injunctive relief. A hearing on the Debtor's request for a temporary injunction is set for November 30, 2026.

7. The Trustee needs a real estate professional with experience in distressed and income-producing property to help her carry out her duties under section 704(a) of the Bankruptcy Code with respect to the LLCs and the Properties. She must determine what the LLCs own, what liens and claims encumber the Properties, whether there is value for the estate, whether the estate's interests should be administered or abandoned, and how the Properties and their rents should be managed and protected in the meantime. That work is separate from the listing and sale of real estate. No Property is being listed for sale under this Application.

**Relief Requested**

8. The Trustee asks the Court to authorize her to employ RealMarkets as her real estate advisor on the terms described in this Application. The services will be performed by Stephen Karbelk, the president and sole member of RealMarkets. Mr. Karbelk's qualifications and the disclosures required by Bankruptcy Rule 2014 are in his declaration attached as Exhibit A (the "Karbelk Declaration"). A proposed order is attached as Exhibit B.

## RealMarkets and Its Qualifications

9. RealMarkets LLC is a Virginia limited liability company formerly known as Auction Markets, LLC. It is a separate legal entity from CENTURY 21 New Millennium. Neither holds an ownership interest in the other. Mr. Karbelk is also affiliated with CENTURY 21 New Millennium, as disclosed in the Karbelk Declaration. The services covered by this Application will be provided by RealMarkets, not by CENTURY 21 New Millennium.

10. Mr. Karbelk has more than 35 years of experience in real estate, including bankruptcy and trustee sales, service as a court-appointed receiver, and the management and disposition of distressed real estate. He regularly works with bankruptcy trustees and their counsel in Virginia, Maryland, and the District of Columbia.

11. RealMarkets is already familiar with this case. At the Trustee's request, Mr. Karbelk has reviewed the Debtor's schedules, public land and tax records, and the operating agreements and loan statements produced to the Trustee, and has given the Trustee and her counsel written analyses of the LLCs and the Properties. The Trustee selected RealMarkets because of that experience and familiarity.

## Services to Be Provided

12. RealMarkets will provide the following real estate advisory services as requested by the Trustee and her counsel (the "Advisory Services"):

(a) reviewing the Debtor's schedules, operating agreements, loan documents, land records, and tax records to identify the real estate owned directly or indirectly by the LLCs and the ownership structure of each LLC, and preparing organizational charts and summaries for the Trustee;

(b) analyzing the deeds of trust, real estate tax arrears, condominium assessments, and other liens and claims against each Property, including reviewing title reports and payoff statements, and advising the Trustee whether there is value for the estate and on the real estate considerations bearing on whether the estate's interests should be administered, sold, or abandoned;

(c) advising the Trustee on the Management Agreement with Sojourn, including (i) reviewing the Management Agreement and Sojourn's accountings, rent rolls, leases, security deposit records, bank statements, vendor contracts, and insurance; (ii) comparing the management fee and other charges to market terms; (iii) advising whether the Management Agreement should be continued, modified, or terminated, and on the terms of any amended or replacement management arrangement; and (iv) assisting the Trustee in overseeing the property manager, including reviewing its monthly reports, leasing proposals, proposed lease terms, tenant issues, and repair and capital requests;

(d) assisting the Trustee and her counsel in preparing operating budgets and cash flow projections for the Properties, including for any request by the Trustee for authority to operate under section 721 of the Bankruptcy Code or to use cash collateral under section 363 of the Bankruptcy Code, and comparing actual results to budget;

(e) advising the Trustee on the preservation of the Properties, including insurance coverage, property condition and maintenance, delinquent real estate taxes and tax classification, and condominium association matters;

(f) assisting the Trustee and her counsel in their dealings with Anchor Loans, LP and other lienholders, including analyzing loan statements and payoffs and the economics of any carve-out or other consensual arrangement;

(g) reviewing the existing listing, leasing, and service agreements affecting the Properties, including those under which the Debtor acts as listing or leasing agent, and advising the Trustee regarding them;

(h) advising the Trustee on the estate's indirect minority interest in the owner of 4702 West Virginia Avenue, including the terms of the governing operating agreements and the options for realizing value from that interest;

(i) providing declarations and testimony as needed, including in the Adversary Proceeding and in any contested matter concerning the LLCs or the Properties; and

(j) consulting with the Trustee and her counsel on other real estate matters arising in this case that are beyond the scope of services customarily provided by a real estate broker.

13. The Advisory Services do not include services customarily provided by a real estate broker. Under this Application, RealMarkets will not list or advertise any Property for sale or lease, prepare marketing materials, show any Property to prospective purchasers or tenants, solicit or evaluate purchase offers, negotiate a purchase agreement or lease, support an auction or overbid

process, or assist with a sale hearing or closing. RealMarkets also will not act as property manager or collect rents.

14. If any Property is to be sold, the Trustee will seek authority to employ a real estate broker by separate application, and the broker's compensation will be addressed there. If the Trustee later employs a broker in this case, including a broker with which Mr. Karbelk is affiliated, RealMarkets will not bill hourly for any service that falls within the brokerage engagement. Where a task could arguably fall within either engagement, it will be treated as brokerage and will not be billed hourly.

15. Mr. Karbelk is not an attorney, and RealMarkets will not provide legal services or legal advice. RealMarkets will coordinate with the Trustee's counsel to avoid duplication of effort.

**<u>Compensation</u>**

16. The Trustee proposes to employ RealMarkets under section 327(a) of the Bankruptcy Code at an hourly rate of $350.00 for the services of Mr. Karbelk, plus reimbursement of actual, reasonable, and necessary out-of-pocket expenses at cost. Mr. Karbelk is the only person who will perform and bill for the Advisory Services. No other RealMarkets professional, and no agent affiliated with CENTURY 21 New Millennium, will record or bill time to the estate under this Application.

17. RealMarkets' compensation and expense reimbursement will be subject to application to and approval by this Court under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. Mr. Karbelk will keep contemporaneous time records in increments of one-tenth of an hour, with each task listed separately. Non-working travel time will be billed at fifty percent (50%) of the hourly rate. RealMarkets will not charge the estate for overhead.

18. RealMarkets' compensation is not contingent on the outcome of any sale, the sale price of any Property, or the substance of any declaration or testimony. RealMarkets will not increase its hourly rate in this case without first filing and serving notice of the increase on the Trustee and the United States Trustee at least ten (10) days before it takes effect.

19. In accordance with Local Bankruptcy Rule 2014-1(b), the Trustee states that the fee arrangement is hourly, as described above. RealMarkets has not received a retainer. No payment has been made or promised to RealMarkets for its services in this case other than the hourly compensation and expense reimbursement described in this Application, which will be paid only from the estate and only as approved by the Court. No person has guaranteed payment of RealMarkets' fees, and no person other than the estate will pay them.

20. RealMarkets has no agreement to share its compensation in this case with any other person or entity, except as permitted by section 504 of the Bankruptcy Code.

## Effective Date

21. The Trustee asks that RealMarkets' employment be approved effective as of November 16, 2026. RealMarkets will bill only for services performed on or after that date. It will not bill the estate for any time Mr. Karbelk spent on this case before that date, including the review and analyses described above, and it waives any claim to compensation for that time.

## Disinterestedness

22. To the best of the Trustee's knowledge, and as set forth in the Karbelk Declaration, RealMarkets and Mr. Karbelk (a) hold no interest adverse to the estate; (b) have no connection with the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States

Trustee, except as disclosed in the Karbelk Declaration; and (c) are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code.

23. The Karbelk Declaration discloses Mr. Karbelk's affiliation with CENTURY 21 New Millennium, the possibility that the Trustee may later seek to employ CENTURY 21 New Millennium as real estate broker by separate application, and the unrelated cases in which Mr. Karbelk has worked with the Trustee and her counsel. The Trustee does not believe that any of these connections is an interest adverse to the estate.

**Notice and No Prior Request**

24. Notice of this Application has been given to the Office of the United States Trustee, the Debtor, the Debtor's counsel, and all parties that have requested notice in this case. The Trustee submits that no other or further notice is required.

25. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

(a) authorizing the Trustee under 11 U.S.C. § 327(a) to employ RealMarkets LLC as her real estate advisor, effective as of November 16, 2026, to provide the Advisory Services on the terms described in this Application;

(b) providing that RealMarkets' compensation and expense reimbursement will be paid only upon application to and approval by the Court under 11 U.S.C. §§ 330 and 331; and

(c) granting such other and further relief as the Court deems just and proper.

November 22, 2026

Respectfully Submitted,

ANDREA CAMPBELL DAVISON, Chapter 7 Trustee

*/s/ Andrea Campbell Davison* ____
Andrea Campbell Davison (DC Bar No. 986291)

BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Blvd., Suite 500
Arlington, Virginia 22201
703.525.4000 (Telephone)
703.525.2207 (Facsimile)
adavison@beankinney.com
*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2026, a copy of the foregoing *Application* has been served via the Court's CM/ECF service on all parties receiving notice in such manner.

*/s/ Andrea Campbell Davison*
Andrea Campbell Davison

**EXHIBIT A**
**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**SHANE CROWLEY,**<br><br>**Debtor.** | **Case No. 26-0509-ELG**<br><br>**Chapter 7** |

**DECLARATION OF STEPHEN KARBELK ON BEHALF OF REALMARKETS LLC IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY REALMARKETS LLC AS REAL ESTATE ADVISOR**

I, Stephen Karbelk, declare under penalty of perjury as follows:

1. I am the president and sole member of RealMarkets LLC ("RealMarkets"), a Virginia limited liability company formerly known as Auction Markets, LLC. I submit this declaration in support of the application (the "Application") of Andrea Campbell Davison, the chapter 7 trustee (the "Trustee") of the estate of Shane Crowley (the "Debtor"), to employ RealMarkets as her real estate advisor, and to provide the disclosures required by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1. Capitalized terms not defined here have the meanings given in the Application. Unless otherwise stated, the facts in this declaration are based on my personal knowledge.

2. I have more than 35 years of experience in real estate, including bankruptcy and trustee sales, auction sale processes, service as a court-appointed receiver, and the management and disposition of distressed real estate.

## The Retained Entity

3. RealMarkets is a separate legal entity from CENTURY 21 New Millennium and its commercial practice, CENTURY 21 Commercial New Millennium (together, "C21 New

Millennium”). C21 New Millennium holds no ownership interest in RealMarkets, and neither RealMarkets nor I hold an ownership interest in C21 New Millennium.

4. I am also affiliated with C21 New Millennium as an independent contractor, and RealMarkets also operates as a real estate team affiliated with C21 New Millennium.

5. The Advisory Services will be provided by RealMarkets, not by C21 New Millennium. They are not real estate brokerage services. C21 New Millennium is not being employed under the Application and will not receive any part of RealMarkets’ hourly compensation.

## **Who Will Perform the Services**

6. I will be the only person performing and billing for the Advisory Services. Robert Walters, Stephanie Young, and Stephen Gabauer, who are agents affiliated with C21 New Millennium, will not perform Advisory Services and will not record or bill any time to the estate under the Application. If any other RealMarkets professional is to perform billable services, I will first file a supplemental declaration identifying that person, his or her qualifications, and hourly rate.

## **Scope of the Advisory Services**

7. RealMarkets’ services are limited to the Advisory Services described in the Application. In summary, they are: (a) identifying and analyzing the real estate owned directly or indirectly by the LLCs, the ownership structure of the LLCs, and the liens and claims against the Properties; (b) advising the Trustee on the Management Agreement with Sojourn and on the management, leasing oversight, and preservation of the Properties; (c) assisting with operating budgets and cash flow projections for the Properties; (d) assisting the Trustee and her counsel in their dealings with Anchor Loans, LP and other lienholders; (e) providing declarations or

testimony as needed; and (f) consulting with the Trustee and her counsel on other real estate matters arising in this case that are beyond the scope of services customarily provided by a real estate broker.

8. RealMarkets will not bill hourly for services customarily provided by a real estate broker, including listing and advertising a Property, preparing marketing materials, conducting showings, soliciting and evaluating purchase offers, negotiating a purchase agreement or lease, supporting an auction or overbid process, and assisting through a sale hearing and closing. If the Trustee later employs a real estate broker in this case, including C21 New Millennium, RealMarkets will not bill hourly for any service that falls within the brokerage engagement. Where a task could arguably fall within either engagement, it will be treated as brokerage and will not be billed hourly.

9. I am not an attorney, and RealMarkets will not provide legal services or legal advice to the Trustee.

**Hourly Rate**

10. RealMarkets' hourly rate for my services is $350.00. RealMarkets will not increase this rate during this case unless it first files and serves a notice of the rate increase on the Trustee and the United States Trustee at least ten (10) days before the increase takes effect, and any increased rate will remain subject to Court review under section 330 of the Bankruptcy Code.

11. RealMarkets' compensation is not contingent on the outcome of any sale, the sale price of any Property, or the substance of any declaration or testimony I provide. Non-working travel time will be billed at fifty percent (50%) of the hourly rate.

## Time Records and Expenses

12. I will keep contemporaneous time records in increments of one-tenth of an hour (0.1), describing the services performed each day and the time spent on each task. Time entries will not be lumped. RealMarkets' fee applications will comply with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, and, to the extent applicable, the United States Trustee's fee guidelines.

13. RealMarkets will seek reimbursement only for actual, reasonable, and necessary out-of-pocket expenses, at cost and without markup, supported by receipts or other documentation. RealMarkets will not charge the estate for overhead, including office rent, administrative or clerical staff, general office supplies, telephone, or software subscriptions. Mileage, if any, will be charged at the applicable IRS standard mileage rate. On November 13, 2026, I ordered a title search on 1202 Eton Court NW, Unit T3, and RealMarkets will seek reimbursement of that out-of-pocket cost.

## No Payment Without Court Approval; Source of Compensation

14. RealMarkets has not received a retainer and will not receive any payment for its hourly services or expenses except upon application to and approval by this Court under sections 330 and 331 of the Bankruptcy Code. No payment has been made or promised to RealMarkets for its services in this case other than the hourly compensation and expense reimbursement described in the Application. No person has guaranteed payment of RealMarkets' fees.

15. RealMarkets' compensation will be paid only by the estate as approved by the Court. RealMarkets has not received and will not accept compensation for its services in this case from any other source, including the Debtor, any of the LLCs, Anchor Loans, LP, Sojourn, any other creditor, or any prospective purchaser or tenant. RealMarkets has not received any payment

from the Debtor or any of the LLCs, or from any other person on their behalf. RealMarkets has no agreement to share any compensation received in this case with any other person or entity, except as permitted by section 504 of the Bankruptcy Code.

16. Before the Application was filed, at the Trustee's request, I reviewed the Debtor's schedules, public land and tax records, and the operating agreements and loan statements produced to the Trustee, and I gave the Trustee and her counsel written analyses of the LLCs and the Properties. RealMarkets has not billed the estate for that work, will not bill for it, and waives any claim to compensation for it. RealMarkets will bill only for services performed on or after November 16, 2026. RealMarkets holds no prepetition claim against the Debtor.

## **Relationship to Any Brokerage Engagement**

17. No brokerage employment is sought by the Application. I understand that, if the Trustee decides to sell any Property, she may seek to employ C21 New Millennium, through me and other affiliated agents, as real estate broker by separate application. Any brokerage compensation would be a commission, payable only as approved by the Court on that separate application, and I would receive a portion of it under my independent contractor agreement with C21 New Millennium. RealMarkets will not seek hourly compensation for any service for which a broker is compensated by commission. Mr. Walters and Ms. Young have tried to schedule inspections of the Properties for the Trustee. They have not charged, and will not charge, the estate for that time under the Application.

## **Connections**

18. In preparing this declaration, I reviewed the records of RealMarkets for any connection with the following parties: the Debtor; the Debtor's counsel, Maurice B. VerStandig and The Belmont Firm; the LLCs; Anchor Loans, LP; Sojourn, LLC; Compass, the brokerage with

which the Debtor is affiliated; the other creditors listed in the Debtor's schedules; the Trustee; the Trustee's counsel, Stinson LLP; the United States Trustee; and the persons employed in the Office of the United States Trustee. To the best of my knowledge, neither I nor RealMarkets has any connection with any of those parties, except as follows:

(a) I am affiliated with C21 New Millennium as described above;

(b) I and other agents affiliated with C21 New Millennium have been employed, or expect to be employed, as real estate broker by Ms. Davison in her capacity as trustee in other, unrelated bankruptcy cases, including In re Limsumang, Case No. 25-12066-BFK (Bankr. E.D. Va.), In re 86 Forrester LLC, Case No. 26-00570-ELG (Bankr. D.D.C.), and In re 4020 South Capitol LLC, Case No. 26-00571-ELG (Bankr. D.D.C.);

(c) I have worked with Bradley D. Jones of Stinson LLP, counsel to the Trustee, in other, unrelated cases, including In re Wolf, Inc., Case No. 26-11994-KHK (Bankr. E.D. Va.), in which Stinson LLP represents the debtor in possession, RealMarkets is employed as real estate advisor, and CENTURY 21 Commercial New Millennium is employed as real estate broker;

(d) RealMarkets, C21 New Millennium, and I regularly serve as real estate broker or advisor to bankruptcy trustees and other fiduciaries in the District of Columbia, Virginia, and Maryland, and in that work we deal with the Office of the United States Trustee and with attorneys who may represent creditors or other parties in interest in this case, in matters unrelated to it; and

(e) C21 New Millennium and its agents, and I, work in the Washington, DC area real estate market and in the ordinary course may have participated in transactions involving creditors or parties in interest in matters wholly unrelated to the Debtor and this case.

19. Neither I nor RealMarkets holds or represents any interest adverse to the estate, and each of us is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20. If I learn of any additional connection or fact bearing on the matters described in this declaration, I will promptly file a supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2026

/s/ Stephen Karbelk___________________
Stephen Karbelk
President, RealMarkets LLC

# EXHIBIT B

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**SHANE CROWLEY,**<br><br>**Debtor.** | **Case No. 26-0509-ELG**<br><br>**Chapter 7** |

**ORDER AUTHORIZING TRUSTEE TO EMPLOY REALMARKETS LLC AS REAL ESTATE ADVISOR**

Upon consideration of the Trustee's Application to Employ RealMarkets LLC as Real Estate Advisor to the Trustee (the "Application") and the Declaration of Stephen Karbelk filed in support of it, and it appearing that RealMarkets LLC ("RealMarkets") holds no interest adverse to the estate and is a disinterested person within the meaning of 11 U.S.C. § 101(14), that notice of the Application was sufficient, and that no objection was filed, it is hereby

ORDERED that the Application is GRANTED. It is further

ORDERED that the Trustee is authorized under 11 U.S.C. § 327(a) to employ RealMarkets as her real estate advisor, effective as of November 16, 2026, to provide the Advisory Services described in the Application. It is further

ORDERED that this Order does not authorize the employment of a real estate broker or the payment of any commission. Any such employment will be the subject of a separate application. It is further

ORDERED that RealMarkets will be compensated at the hourly rate of $350.00 for the services of Stephen Karbelk, plus reimbursement of actual and necessary expenses, only upon application to and approval by this Court under 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. It is further

ORDERED that nothing in this Order decides any issue raised in Adversary Proceeding No. 26-10027-ELG.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Andrea Campbell Davison* _______
Andrea Campbell Davison (DC Bar No. 986291)
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Blvd, Suite 500
Arlington, Virginia 22201
adavison@beankinney.com
*Chapter 7 Trustee*

Copies to:

Andrea Campbell Davison, Chapter 7 Trustee
Bradley D. Jones, Esq., counsel for the Trustee
Office of the United States Trustee
Maurice B. VerStandig, Esq., counsel for the Debtor
Stephen Karbelk, RealMarkets LLC, 6631 Old Dominion Drive, McLean, VA 22101 / stephen@realmarkets.com
All parties receiving notice through the Court's ECF system